UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD ZAK | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| NCO FINANCIAL SYSTEMS, INC. | |
| & | JURY TRIAL DEMANDED |
| J.C. CHRISTIANSEN & ASSOCIATES, INC. | |
| Defendants | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Todd Zak, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiff, Todd Zak, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant, NCO maintains a principal place of business is in this District.

### III. PARTIES

4. Plaintiff, Todd Zak, is an adult natural person residing at 3940 Potomac Court, Charlotte, NC 28211. At all times material and relevant hereto, Plaintiff was a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, NCO Financial Systems, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the state of North Carolina and the Commonwealth of Pennsylvania with its principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6. Defendant, J.C. Christiansen & Associates, Inc. ("Defendant", "hereafter JCC"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the states of Minnesota and North Carolina with a place of business located at 200 14th Avenue E, Sartell, MN 56377-4500.

7. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

8. On or about October 8, 2010, Plaintiff with the aid of his personal legal counsel entered into a debt settlement agreement with Defendant, NCO, to repay a debt allegedly owed on a Care Credit Account. **See "EXHIBIT A" (letter) attached hereto.**

9. Defendant, NCO, stated that Plaintiff's original account balance was for $23,159.58.

10. Defendant agreed upon a settlement amount of $9,162.00 to be paid by the Plaintiff.

11. Plaintiff agreed to make four payment of $2,290.50 until the balance was paid in full.

12. Plaintiff made all four (4) payments successfully to Defendant, NCO.

13. Defendant, NCO, accepted all four (4) payments.

14. On or about January 12, 2011, Defendant, NCO, issued a letter to Plaintiff stating that they were no longer able to process Plaintiff's payments and that Plaintiff's account was now closed with Defendant, NCO.  **See "EXHIBIT B" (letter) attached hereto**.

15. Defendant, NCO, returned Plaintiff's last two payments along with the above referenced letter.

16. Defendant, NCO, did not return the first two payments made by the Plaintiff totaling $4,581.00.

17. On or about February 16, 2011, Plaintiff received a letter from Defendant, JCC, collecting on the same account.  **See "EXHIBIT C" (letter) attached hereto**.

18. Defendant, JCC, stated that they along with their client, agreed to accept $6,502.50 as full and final payment in the above referenced account providing that the funds were received prior to February 28, 2011.

19. Defendant, JCC, did not honor the settlement agreement previously in place with Defendant, NCO.

20. Plaintiff with the aid of their attorney made the payment of $6,502.50 in full as requested to Defendant, JCC in a timely manner.

21. Plaintiff has paid out a total of $11,083.50 in settlement charges to Defendant, NCO, and Defendant, JCC.

22. Plaintiff ended up being charged $1,921.50 over the original agreed upon settlement amount of $9,162.00 due to Defendant, NCO, closing the Plaintiff's account in the middle of a agreed upon settlement arrangement.

23. Defendant, NCO, was in breach of their contract when they promised the Plaintiff the opportunity to participate in an agreed upon settlement and then revoked on that agreement at no fault of the Plaintiff.

24. The Defendants, acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

25. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants herein.

27. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

28. As a result of Defendants conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - FDCPA

## PLAINTIFF V. NCO & JCC

29. The above paragraphs are hereby incorporated herein by reference.

30. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

31. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

| | | |
|---|---|---|
| §§ 1692e(10) | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect an alleged debt |
| §§ 1692f(5) | | Caused any charges to be made to the consumer |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, NCO Financial Systems, and J.C. Christiansen & Associates, Inc., for the following:

a.  Actual damages;

b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit;

d.  Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Breach of Contract

### Plaintiff v. NCO Financial Systems, Inc.

32. The above paragraphs are hereby incorporated herein by reference.

33. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendant promised to Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

34. Defendant is in breach of their contract.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, NCO Financial Systems, Inc., for the following:

 a. Actual damages;

 b. Statutory damages pursuant to 15 U.S.C. § 1692k;

 c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

 d. Such additional and further relief as may be appropriate or that the interests of justice require.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

 a. Actual damages;

 b. Treble damages;

 c. An award of reasonable attorneys fees and expenses and costs of court; and

 d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III

### Violation of the North Carolina Consumer Economic Protection Act

### Plaintiff v. NCO and JCC

35. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as fully rewritten here.

36. In its attempt to collect the aforementioned alleged debt, Defendant violated the NCCEPA in one or more of the following ways:

    e.    Using false, deceptive or misleading representations or means in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. §58-70-110; and

    f.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCCEPA.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, NCO Financial Systems, and J.C. Christiansen & Associates, Inc., for the following:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $4,000 of each violation of the NCCEPA;

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

    d.    Any other relief deemed appropriate by this honorable court;

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                        **Respectfully submitted,**

                                                        **WARREN & VULLINGS, LLP**

**Date: April 5, 2011**                        **BY:**   **/s/Bruce K. Warren BKW4066**
                                                              Bruce K. Warren, Esq.

                                                 **BY:**   **/s/Brent F. Vullings BFV8435**
                                                              Brent F. Vullings, Esq.

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff